IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**DAN BRINKMAN**,

    Plaintiff,

vs.

**DAVID LEATHERWOOD** *(Just Us)*,
**JUST US** *(Organization)*,

    Defendants.

Civil Case No. 10-1133-KI

OPINION AND ORDER

  Dan Brinkman
  11555 SE 34th Avenue
  Milwaukie, Oregon  97222

    Pro Se Plaintiff

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Dan Brinkman brings this action pro se against defendants David Leatherwood and an organization called Just Us.  The caption of the complaint also names 11 "Relevant Petitioned Entities:" the Federal Bureau of Investigation, Portland Field Office; the Oregon Department of Justice; the Hillsboro Police Department; The Oregonian newspaper; Hon. David Wu, United States Congressman; the Oregon Legislature's legislative counsel; the Washington County Health and Human Services Department; the United States Internal Revenue Service; the Oregon Revenue Service; Hon. Patrick Leahy, United States Senator; and Lowe's Home Center. According to the civil cover sheet, Brinkman is a resident of Washington County, Oregon, and defendants are residents of Clackamas County, Oregon.

Brinkman asserts a claim for the wrongful death of his friend, Ken McQuestion, and seeks a court-ordered criminal investigation against defendants from the parties listed as "relevant petitioned entities" for McQuestion's death and for "patterns of other unlawful activities, abuses and exploitation" conducted by defendants that have "harmed repeatedly US citizens who are vulnerable tenants of Just Us," including Brinkman, McQuestion, and two other individuals.

The matter before the court is Brinkman's request to proceed in forma pauperis.

**ALLEGED FACTS**

Brinkman alleges that defendant Leatherwood is a co-director of defendant Just Us, which is "supposed to be a public housing system that helps vulnerable US citizens in time of need." Compl. ¶ 1.  According to the complaint, defendants operate three subsidized rental units in Hillsboro, Oregon and Cornelius, Oregon.  Brinkman alleges that Just Us, through

Leatherwood and others, "abuses and mistreats their tenants constantly and exploits them shamelessly, due to their vulnerable stations in life," id. at ¶ 3, by conducting illegal evictions, humiliating tenants, confiscating their personal property, extorting money from them, assaulting them, forcing them to sign unconscionable agreements, and retaliating against tenants who refuse to sign.  Id. at ¶ 1.4.

Brinkman alleges that when McQuestion "relapsed with his addiction" in May 2010, Leatherwood and another individual took McQuestion to see his probation officer in order to "look good" to the County, thereby ultimately causing McQuestion's death by drug overdose. Id. at ¶¶ 1.7-11.

Brinkman seeks "a minimum" of  $2.5 million as damages for McQuestion's family, Id. at ¶ 2.1; a 20% "pay garnishment" from Leatherwood's income for the next 20 years, to be paid to McQuestion's family, id. at ¶ 2.2; criminal investigations and prosecutions of Leatherwood and senior Just Us staff members and co-directors, id. at ¶¶  2.3,2.5, 2.8, 2.10, 2.11, 2.12, 2.13, and 2.14 ; revocation of Just Us licenses and subsidies, id. at ¶ 2.4-5; "deferred" damages of $10 million against the Oregon Department of Justice and Washington County, Oregon "[d]epending on the sincerity of the combined federal and state investigation regarding Ken McQuestion" id. at ¶ 2.6; full coverage of the events complained of by The Oregonian newspaper, id. at ¶ 2.7; the creation of new legislation aimed at preventing the abuses set out in the complaint, id. at ¶¶ 2.8-9; $300,000 to be placed in a "group fund" for defendants' victims, including Brinkman and other individuals, id. at ¶ 2.16; and damages in varying amounts for emotional distress "related to this entire situation" awarded to Brinkman and two other individuals not named as plaintiffs. Id. at ¶ 2.17.

Page 3 - OPINION AND ORDER

**STANDARDS**

Pursuant to the federal in forma pauperis statute, codified at 28 U.S.C. § 1915(d), the court is authorized to dismiss an in forma pauperis complaint before service of process if satisfied that the action lacks an arguable basis in law or in fact.  See, e.g., Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court has reviewed Brinkman's complaint, and concludes that it has no subject matter jurisdiction over this action.

In general, federal courts have original jurisdiction of:  1) civil actions arising under the Constitution, laws, or treaties of the United States ("federal question jurisdiction"); and 2) civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states, or citizens of a state and citizens of a foreign state ("diversity jurisdiction").  28 U.S.C. §§ 1331 and 1332. Federal courts are courts of limited jurisdiction, which means that unless a grant of jurisdiction over a particular case exists, the court is presumed to lack jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78 (1994).  If a court lacks jurisdiction, it is not in a position to act and its decisions cannot generally be enforced.  Toumajian v. Frailey, 135 F.3d 648 (9th Cir. 1998).  Subject matter jurisdiction is a threshold issue in the absence of which the court cannot proceed to hear other issues.  United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988); Blackburn v. United States, 100 F.3d 1426 (9th Cir. 1996).

Brinkman has the burden of establishing the existence of either federal question or diversity jurisdiction.  However, the complaint in this case does not allege that federal law creates the cause of action, or that the parties are citizens of different states.  In fact, the

Page 4 - OPINION AND ORDER

allegations of the complaint indicate that Brinkman and defendants are all citizens of Oregon.

Without subject matter jurisdiction, the court cannot act on Brinkman's complaint.

## CONCLUSION

The motion to proceed in forma pauperis is DENIED, and this action is DISMISSED *sua sponte* for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated this         17th         day of December, 2010.


                                                    /s/ Garr M. King
                                                    Garr M. King
                                                    United States District Judge